SOLOMON BROOKS v. LEWIS L. TAYLOR.

*Negligence—Injury from vicious animal—Pleading—Allegations of
declaration—Contributory negligence—Evidence.*

1. In an action on the case for injuries inflicted by a bull owned by
   the defendant, the owner's negligence is sufficiently set forth by
   alleging that he *wrongfully* and *injuriously* kept the animal, well
   knowing that it was used and accustomed to attack and gore,
   wound, and injure mankind, and the *place* of keeping need not
   be stated ; nor is it usual or customary to negative negligence on
   the part of the plaintiff.
2. The negligence in such a case consists in *keeping* such an animal
   after notice of its *dangerous* habits ; and whoever keeps an ani-
   mal ·accustomed to attack and injure mankind is *prima facie*
   liable in an action on the case at the suit of any person injured,
   without any averment of negligence or default in *securing* and
   *taking care* of the animal.
3. If in such a case it is shown, as matter of defense, that the plaint-
   iff *willfully* provoked the animal, or was *grossly* negligent in go-
   ing near it, with *knowledge* of its vicious habits, he cannot re-
   cover.
4. In *such* a case proof that the animal was led by a chain attached
   to a ring in his nose, with a stick attached to keep him away from
   the man in charge, if such facts were *known* to the defendant, is
   competent as bearing upon defendant's knowledge of the vicious-
   ness of the animal.

Error to Oceana.  (Russell, J.)  Argued February 8, 1887.
Decided February 15, 1887.

Case.  Defendant brings error.  Affirmed.  The facts are
stated in the opinion.

*DeLong, Fellows & Brassington,* for appellant.

*L. G. Rutherford,* for plaintiff.

MORSE, J.  The plaintiff sued the defendant in case, filing
his declaration as commencement of suit as follows:

" STATE OF MICHIGAN, ⎰ ss.
   " County of Oceana, ⎱

    " *The circuit court for the county of Oceana.*

  " Solomon Brooks, plaintiff herein, by L. G. Rutherford, his attorney, complains of Lewis L. Taylor, defendant herein, in a plea of trespass on the case, filing this declaration as commencement of suit:

  " For that, whereas, the said defendant heretofore, to wit, on the first day of July, 1885, at the township of Leavitt, in the county of Oceana, and from thence for a long space of time, to wit, until and at the time of the damage and injury of the said plaintiff as hereafter mentioned, to wit, at the township and county aforesaid, wrongfully and injuriously did keep a certain bull, the said defendant well knowing that the said bull there was used and accustomed to attack and gore, wound, and injure mankind, to wit, at the township and county aforesaid, and which said bull afterwards, and while said defendant kept the same as aforesaid, to wit, on the tenth day of July, 1885, at the township of Leavitt, in the county of Oceana, aforesaid, did attack, and with its horns gore and bruise, said plaintiff, and did then and there greatly lacerate, hurt, bruise, and wound the back, shoulder, and side of, and cause great internal injury to, the said plaintiff ; and thereby he, the said plaintiff, then and there became and was sick, sore, lame, and disordered, and so remained and continued for a long space of time, to wit, for a space of eight months, thence next following, during which time the said plaintiff thereby suffered and underwent great pain, and was thereby then and there hindered and prevented from performing and transacting his lawful affairs and business by him during that time to be performed and transacted; and also, by means of the premises, he, the said plaintiff, was thereby then and there put to great expense, costs, and charges, in the whole amounting to a large sum of money, to wit, the sum of one thousand dollars, in and about endeavoring to be cured of the said wounds, sickness, lameness, and disorder so occasioned as aforesaid, and has been, and is, by means of the premises, otherwise greatly injured and damnified, to wit, at the township and county aforesaid."

  At the first introduction of testimony on the trial below, the defendant, by his counsel, objected to any evidence being given under this declaration, because it did not state a cause of action against the defendant, in that—

1. There is no allegation in the same that the defendant kept the bull in a place where he had no right to keep it.

2. There is no negligence alleged against the defendant.

3. There is no allegation that the plaintiff was without fault.

The objection was overruled, and the trial proceeded, resulting in a judgment against the defendant in the sum of $150.

The negligence of the owner of the bull is sufficiently set forth. It is alleged that he wrongfully and injuriously kept the bull, "well knowing that the said bull was used and accustomed to attack and gore, wound, and injure mankind." The keeping of the bull, with knowledge of his vicious propensities, is a sufficient allegation of negligence, under all the authorities, without any other direct averment of negligence. 1 Chit. Pl. (16th Amer. ed.) 93; 2 Id. 561-563; *Popplewell v. Pierce*, 10 Cush. 509; *Stumps v. Kelley*, 22 Ill. 140; *Woolf v. Chalker*, 31 Conn. 121; *May v. Burdett*, 9 Adol. & E. (58 E. C. L.) 101; *Jackson v. Smithson*, 15 Mees. & W. 563; *Hudson v. Roberts*, 6 Exch. 697, 699, 20 Law J. Exch. 299.

It was not necessary to allege the place of keeping; the fact of keeping is sufficient.

Nor is it customary or usual, in any of the forms used and cited in the text-books, or in cases for injuries by mischievous or vicious animals, to allege any want of negligence upon the part of the plaintiff. See 2 Chit. Pl. 562, 563; 2 Green, Pr. 1290; *Popplewell v. Pierce*, 10 Cush. 509. On the contrary, it has been distinctly and almost uniformly held that it is only necessary to allege the ferocity of the animal and the knowledge of the owner. The negligence consists in keeping such an animal after notice; and whoever keeps an animal accustomed to attack and injure mankind, with knowledge that it is so accustomed, is *prima facie* liable in an action on the case at the suit of any person attacked and

injured by the animal, without any averment of negligence or default in the securing and taking care of it.

"It may be that if the injury was solely occasioned by the willfulness of the plaintiff, after warning, that may be a ground of defense by plea in confession and avoidance."

*Popplewell v. Pierce*, 10 Cush. 509, and cases cited; *Woolf v. Chalker*, 31 Conn. 130, and cases cited. If it were proven, as a matter of defense, that the plaintiff willfully provoked the bull, or was grossly negligent in going near him, with knowledge of his vicious habit of hooking, it would, of course, preclude recovery; but I do not think that a want of negligence upon the part of the plaintiff is necessary to be averred or proven. The gist of the action, according to all the authorities, is the keeping of the dangerous animal with knowledge; and the injury by such an animal is *prima facie* actionable, without reference to the conduct of plaintiff.

One Walter Vaughn testified that Mr. Wilson was driving or leading this bull for defendant after its purchase. Defendant was riding ahead of Wilson and the bull, and said to Vaughn: "I have got a nice bull coming." After defendant had passed on, Wilson came along with the bull. He had a ring in the animal's nose, with a chain attached to the ring, and a stick attached to that, so as to keep him off. Witness asked Wilson if he was ugly, and Wilson answered: "Yes; he is ugly." This was not in the hearing of defendant, and was objected to as incompetent. We do not think the evidence of what Wilson said was admissible; but the manner in which he was driving the bull was competent as bearing upon defendant's knowledge of his viciousness. But the proof in the record is overwhelming as to the viciousness of the animal, and we do not think the admission of Wilson's statement could have had any tendency to prejudice defendant's case. The verdict must have been the same without it, and we shall not, therefore, reverse the judgment

for this error, which we consider harmless. The judgment is therefore affirmed.

The other Justices concurred.