ANNA M. BARNUM v. MYRENUS TERPENING ET AL.

*Vicious animal—Negligence.*

1. A wild bull, two and one-half years old, is a dangerous animal to be driven in the street, and in a suit for injuries received from such animal it is for the jury to say whether such driving with the animal's head tied to one foot, after notice that it would be safer to lead him by a ring in his nose, and with knowledge of his wildness and the nature of such an animal, was negligence.

2. The *fact* that a bull has never attacked any one prior to the injury sued for will not bar a recovery, but is a circumstance to be considered by the jury as bearing upon the question of the defendants' negligence.

3. The *fact* that a bull was never actually vicious up to the time of his attack upon the plaintiff, and that the person *then* driving him had no knowledge of such viciousness, will not bar a recovery if the manner of driving and managing the animal was negligent.

Error to Huron. (Beach, J.) Argued June 6 and 7, 1889. Decided June 28, 1889.

Case for injuries received from a vicious bull. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Hiram L. Chipman* (*Q. A. Smith,* of counsel), for appellants.

*John F. Murphy* (*Elbridge F. Bacon,* of counsel), for plaintiff.

MORSE, J. The plaintiff recovered a judgment for $400 in the circuit court for the county of Huron in an action on the case for injuries inflicted by a bull belonging to the defendants.

The negligence alleged in the declaration was in *substance* that the bull was wild and vicious, and that it was unsafe

and improper to drive or permit the said bull to go through any public highway, of all of which the defendants had notice, yet the said defendants wrongfully and negligently drove the said bull through a public highway, etc.

The record shows that the bull was being driven with other cattle along the public highway. The animal's head was tied to one foot. The plaintiff was standing on a bridge that spanned a small stream running through the village of Ubly. She was leaning on the railing talking to her son, who was filling a tank-wagon in the stream. As the bull came along where she was he turned and tossed her over the railing into the stream. She fell upon a cedar stump or root, breaking an arm and a leg.

The defendants claim that the circuit judge should have taken the case from the jury for the reasons—

1. That the bull was not shown to be vicious.
2. That the defendants were not notified of any wild or vicious propensities in the animal, if any there were.
3. That the injury was accidental, and caused wholly by the plaintiff's negligence.

The case was properly submitted to the jury on the question of the plaintiff's negligence, and the injury cannot be said to have been accidental. It may be from the testimony that the plaintiff might have got off from the bridge, and thereby saved herself, if she had tried to do so when she first saw the cattle coming, and it is probable that most women would have done so, but no gross negligence on her part was shown. The injury was not occasioned by any willfulness of the plaintiff in provoking the bull, or going near him, or putting herself in his way, with knowledge of his wildness or viciousness. If the bull had not turned out of his course to assault her, she would not have been injured. See *Brooks v. Taylor*, 65 Mich. 208 (31 N. W. Rep. 837).

The court instructed the jury that, before she could recover, the plaintiff must show that she was not guilty of

gross negligence or recklessness, which he defined as being conduct on the occasion—

"Not wanting in reasonable care and prudence in view of all the circumstances and surroundings of the injury."

This was certainly as favorable to the defendants as they could ask under the law.

The main objection urged against the verdict and judgment is that the bull was not shown to have been vicious before its attack upon plaintiff, but only that the animal was wild and difficult to drive with the other cattle, which were strange to him; that defendants had purchased the bull but a short time before, and had no notice or knowledge of any viciousness of the animal. The bull was two and one-half years old.

James Clellan, who sold it to defendants, testified that he raised the animal from a calf; that while he owned the bull he never saw or knew of any vicious propensities in the animal. Clellan and hired man drove the bull from his place five miles to Ubly to deliver it to George Andrew. The hired man led the animal. There was no evidence that the bull had ever attacked or attempted to attack any one before the time of the injury to plaintiff, but testimony was given on the part of the plaintiff tending to show that the bull was very wild, and that one Jones, who helped George Andrew get the bull into a barn at Ubly, before and on the day that plaintiff was hurt, told said George Andrew, one of the defendants, that—

"He had best put a ring in his nose, and let one of the men lead him, as he did not want to stay with the other cattle;"—

But Andrew said that—

"He had best tie him down head and foot, and he did so."

We think this was sufficient to go to the jury. A wild bull, two and one-half years old, is certainly a dangerous

animal to be driven in the street, and the tying, it seems, did not hamper the bull so that he was incapable of doing mischief. It was for the jury to say whether the driving of the bull, under the circumstances, was negligence. The defendants had knowledge of his wildness, and also of the nature of such an animal. They also had notice that it would be safer to lead him.

The fact that the bull had never gored or attacked any one before did not prevent the recovery by the plaintiff for this injury, although it was a circumstance to be taken into consideration by the jury as bearing upon the question of defendants' negligence We think the court correctly instructed the jury that notwithstanding they might find that the animal was not actually vicious up to the time of the injury, and that George Andrew had no knowledge of any viciousness in the bull, yet in view of the known and ordinary propensities of such an animal, if the jury found that the manner of driving and managing the bull was negligent, then the plaintiff could recover, if her conduct on the occasion was not wanting in reasonable care and prudence, in view of all the circumstances and surroundings of the injury.

We find no error in the case, and the judgment of the court below is affirmed.

The other Justices concurred.