PAPKE v TRIBBEY

1. ANIMALS—NEGLIGENCE—DOMESTIC ANIMALS—ESCAPES—VICIOUS PROPENSITIES—OWNER'S KNOWLEDGE—JURY INSTRUCTIONS.

A cause of action exists when one alleges that an owner keeps a vicious animal with knowledge of the animal's vicious propensities and that the animal escaped causing injury, and it is unnecessary to aver negligence on the part of the owner or keeper in securing and taking care of the animal; therefore, a trial judge's instructions to the jury which stated that a defendant was not responsible for personal injuries caused by the defendant's goat, after it escaped, if it escaped by means beyond the defendant's control, were reversibly erroneous.

2. ANIMALS—NEGLIGENCE—DOMESTIC ANIMALS—OWNERS OR CUSTODIANS—ESCAPES—VICIOUS PROPENSITIES.

An owner or custodian of a domestic animal can be held liable for injuries caused by the animal, upon its escape, on a negligence theory for failing to control or restrain the animal; where an injured party is unable to prove the vicious propensities of an animal, and that the owner or custodian knew of such propensities, then the owner's negligence in controlling or restraining the animal becomes an issue.

3. ANIMALS—NEGLIGENCE—DOMESTIC ANIMALS—ESCAPES—VICIOUS PROPENSITIES—OWNER'S KNOWLEDGE—JURY INSTRUCTIONS.

An owner or custodian of a domestic animal who has knowledge of the animal's vicious propensities is liable for personal injuries caused by the escape of the animal regardless of fault; where a defendant, in an answer to an interrogatory, admitted being attacked by a goat and the answer to the interrogatory was read into evidence, the evidence could have supported a finding that the defendant had knowledge of the vicious propensities of the goat, and it was reversible error for the trial

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 4 Am Jur 2d, Animals §§ 72, 73.
[5] 7 Am Jur 2d, Attorney at Law § 122.

judge to give jury instructions in terms of the owner's negligence in securing the animal and stating that if the animal escapes by means beyond the control of the owner or custodian there is no responsibility for any injury resulting therefrom.

4. ANIMALS—NEGLIGENCE—DOMESTIC ANIMALS—OWNER OF PREMISES —DIRECTED VERDICT.

One who owns and controls the premises upon which a domestic animal is kept may be held liable as the custodian of the animal; where in a suit for damages caused by a goat there was no evidence presented in the plaintiff's case in chief that a certain defendant owned and controlled the premises on which the goat was kept, a directed verdict for that defendant was proper.

5. ATTORNEY AND CLIENT—STATEMENTS BY COUNSEL—BINDING CLIENT.

Statements made by counsel are not to be considered as evidence; where a defendant's attorney stated in his opening arguments that a certain defendant owned the farm in question, it was not an admission binding on that defendant.

Appeal from Lapeer, Norman A. Baguley, J. Submitted January 15, 1976, at Detroit. (Docket No. 22749.) Decided March 24, 1976.

Complaint by Ernest M. Papke, Jr., as personal representative of the estate of Ernest M. Papke, Sr., deceased, against Russell Tribbey and Ann Lois Tribbey, his wife, for wrongful death and damages arising out of an attack by the defendants' goat on the deceased. Judgment, on a directed verdict, for defendant Ann Tribbey, and a jury verdict in favor of defendant Russell Tribbey. Plaintiff appeals. Judgment for Ann Tribbey affirmed. Judgment for Russell Tribbey reversed and remanded.

*LaBarge, Zatkoff & Dinning, P. C.,* for plaintiff.

*Taylor, Carter, Butterfield, Riseman & Clark, P. C.,* for defendants.

Before: McGregor, P. J., and Bashara, and Allen, JJ.

Bashara, J. Appellant brought a wrongful death action, MCLA 600.2922; MSA 27A.2922, as personal representative for the estate of the deceased, Ernest Papke. A directed verdict was granted in favor of appellee Mrs. Tribbey. The jury returned a verdict in favor of appellee Mr. Tribbey. Appellant seeks review.

On October 20, 1969, the decedent was attacked by a large male goat allegedly owned by or under the control of the appellees. At the time the appellees lived across the road from the deceased.

On the day in question the appellees' two boys, ages nine and six, missed the school bus and were home alone. They let the goat out of its pen. Later, they crossed the street to visit the decedent. The goat jumped the fence and followed the youngsters over to the deceased's property.

At this point the testimony is conflicting. Either the decedent attempted to help the Tribbey boys chase the goat off his property, or he unexplainedly provoked the goat by poking it in the side with his cane. In any event, the goat attacked the deceased and seriously injured him.

The decedent was taken to the hospital and treated. On November 22, 1969, he was released from the hospital. He was readmitted to the hospital in February of 1970 and died on March 7, 1970. The cause of the death was seriously disputed at trial.

Appellant argues the trial judge erroneously gave the following instruction regarding the liability for personal injury of the owner or custodian of a domestic animal:

"Now, I instruct you that where a person owns or has the custody of a domestic animal, such as a goat, and that animal is vicious or has a propensity to cause injury to persons, and the owner or the custodian knows or should know that the animal is vicious or has a propensity to cause injuries to persons, such owner or custodian has a duty to restrain the animal so that it will not harm others. If, in such case, the owner or custodian does not secure the animal so as to restrain it from doing injury to another, he is negligent, and therefore responsible for such injuries.

"*On the other hand, if the animal escapes by means beyond the control of the owner or custodian, the latter is not responsible for any injury resulting therefrom.*" (Emphasis supplied.)

Appellant opines that the owner or custodian of a domestic animal, with knowledge of its vicious propensities, is liable regardless of fault for personal injuries caused by the escaping animal. We agree.

In *Brooks v Taylor,* 65 Mich 208; 31 NW 837 (1887), the Michigan Supreme Court found that a cause of action existed where the plaintiff was gored by a bull. The action was premised on defendant's keeping the bull with knowledge of its vicious habit of hooking. The Court stated:

"It is alleged that he wrongfully and injuriously kept the bull, 'well knowing that the said bull was used and accustomed to attack and gore, wound, and injure mankind.' *The keeping of the bull, with knowledge of his vicious propensities, is a sufficient allegation of negligence,*[1] under all the authorities, without any other direct averment of negligence.

---

[1] That characterization of negligence does not comport with the modern analysis of negligence as conduct unreasonable in view of the risk. Prosser on Torts (4th ed), § 76, p 499. *See generally Samson v Saginaw Professional Building Inc,* 393 Mich 393; 224 NW2d 843 (1975), *Davis v Thornton,* 384 Mich 138; 180 NW2d 11 (1970). It may be reasonable to keep domestic animals with vicious propensities for

\* \* \*

"Nor is it customary or usual, in any of the forms used and cited in the text-books, or in cases for injuries by *mischievous or vicious animals,* to allege any want of negligence upon the part of the plaintiff. \* \* \* On the contrary, it has been distinctly and almost uniformly held that *it is only necessary to allege the ferocity of the animal and the knowledge of the owner. The negligence consists in keeping such an animal after notice;* and whoever keeps an animal accustomed to attack and injure mankind, with knowledge that it is so accustomed, is *prima facie* liable in an action on the case at the suit of any person attacked and injured by the animal, *without any averment of negligence or default in the securing and taking care of it.*

\* \* \*

"If it were proven, as a matter of defense, that the plaintiff wilfully provoked the bull, or was grossly negligent in going near him, with knowledge of his vicious habit of hooking, it would, of course, preclude recovery; *but I do not think that a want of negligence upon the part of the plaintiff is necessary to be averred* or proven. The *gist of the action, according to all the authorities, is the keeping of the dangerous animal with knowledge; and the injury by such an animal is prima facie actionable, without reference to the conduct of* the plaintiff." (Emphasis supplied and citations omitted.) *Brooks v Taylor, supra,* at pp 210–211.

*Brooks, supra,* states a cause of action exists when one alleges that the owner keeps a vicious animal with knowledge of its vicious propensities, and the animal escapes causing personal injury. It is unnecessary to aver negligence on the part of the owner or keeper in securing and taking care of the animal. It was, therefore, reversible error for the trial judge to instruct the jury that Mr. Trib-

public instruction or entertainment, or for protection of life or valuable property. McNeely, *A Footnote on Dangerous Animals,* 37 Mich L Rev 1181, 1185. *See also* 2 Cooley on Torts (4th ed), § 266, pp 310–311.

bey was not responsible for personal injuries caused by the goat if it escaped by means beyond his control.

The eminent legal scholar and former Michigan Supreme Court Justice THOMAS COOLEY in his treatise, Cooley on Torts, cites *Brooks v Taylor, supra,* for the following propositions:

"If it be made to appear that any domestic animal is vicious and accustomed to do hurt, and that the owner has been notified, or has knowledge of the fact, a duty is then imposed upon him to keep the animal secure, and he is responsible for the mischief done by the animal in consequence of the failure to observe this duty.

\*   \*   \*

"[I]n a suit for injuries by a vicious animal, the gist of the action is not negligence in keeping the animal, but the keeping him with knowledge of his vicious propensity. According to these authorities one having such knowledge keeps such an animal at his peril and must respond for any damage done by this animal, *irrespective of negligence on his part."* (Emphasis supplied.) (Footnotes omitted.) 2 Cooley on Torts (4th ed), § 266, pp 306, 310.

Justice COOLEY's analysis parallels our view of the holding in *Brooks v Taylor, supra.*

Furthermore, the Court in *Brooks v Taylor, supra,* at 211, excluded consideration of plaintiff's negligence. Only the defenses of willful provocation or gross negligence would have precluded recovery. This strongly supports our conclusion that the cause of action was not premised on negligence, notwithstanding the Supreme Court's characterization.

The above analysis does not mean the owner or custodian of a domestic animal cannot be held liable on a negligence theory for failing to control

or restrain the animal. If the injured party is unable to prove the vicious propensities of the domestic animal and that the owner or custodian knew of such propensities, then the owner's negligence in controlling or restraining the animal becomes an issue. *Barnum v Terpening,* 75 Mich 557; 42 NW 967 (1889).

Nor do we believe *Brooks, supra,* is distinguishable on the ground that bulls and goats are not of the same classification. Bulls are generally classified with such domestic animals as cattle, sheep and horses. Prosser on Torts (4th ed), § 76, p 500. Likewise, goats are treated as domestic animals. *Lewis v Great Southwest Corp,* 473 SW2d 228, 231, (Tex Civ App, 1971), *Young v Blaum,* 146 So 168, 169 (La App, 1933). See also 4 Am Jur 2d, Animals, § 2, p 251.

We hold the owner or custodian of a domestic animal with knowledge[2] of its vicious propensities is liable regardless of fault for personal injuries caused by the escape of the animal. Compare *Knowles v Mulder,* 74 Mich 202; 41 NW 896 (1889).[3]

---

[2] The test is whether the owner or custodian knew or should have known of the vicious propensities of the animal. *Knowles v Mulder,* 74 Mich 202; 41 NW 896 (1889).

[3] In an ambiguous opinion on the theory of liability in *Knowles v Mulder,* 74 Mich 202; 41 NW 896 (1889), the Court stated the law imposes a duty on the owner or keeper of a domestic animal to secure such animal where the owner or keeper has notice of its vicious propensities. The implication is that if the animal escapes and causes personal injury the owner or keeper is liable without regard to fault. However, in the same sentence the Court stated the injured party can only recover if he is without fault. This would suggest that the cause of action is premised on negligence, because apparently, contributory negligence of the plaintiff would bar recovery. Moreover, the Court attempts to distinguish between domestic animals and domestic animals with dispositions universally regarded as peaceable. But again, the Court would impose a duty on the owner or keeper of the latter class of animals to secure such animals where the owner or keeper has knowledge of its vicious disposition. The language suggests an absolute duty that would give rise to liability without fault should the

The evidence could have supported a finding that Mr. Tribbey had knowledge of the vicious propensities of the goat. He admitted being attacked by the goat in an answer to an interrogatory. The answer to the interrogatory was read into evidence. Accordingly, the case must be reversed.

Appellant also argues that the trial judge erred in directing a verdict in favor of Mrs. Tribbey. One who owns and controls the premises upon which a domestic animal is kept may be held liable as the custodian of the animal. *Jenkinson v Coggins,* 123 Mich 7, 8; 81 NW 974 (1900). There was no evidence presented in appellant's case in chief that Mrs. Tribbey owned and controlled the premises.

Appellant suggests that a statement by appellee's attorney in opening argument that Mrs. Tribbey owned the farm was an admission binding on Mrs. Tribbey. We disagree. Statements made by counsel are not to be considered as evidence. *Dalm v Bryant Paper Co,* 157 Mich 550, 556; 122 NW 257 (1909).

The judgment in favor of Mrs. Tribbey is affirmed, while the judgment for Mr. Tribbey is reversed and remanded for proceedings consistent with this opinion.

No costs.

---

animal escape and cause personal injury. Notwithstanding this, the Court characterizes the breach of this duty as negligence.