## RICKRODE v WISTINGHAUSEN

Docket No. 64679. Submitted May 9, 1983, at Detroit.—Decided August 17, 1983. Leave to appeal denied, 418 Mich 962.

Plaintiff, Luann Rickrode, individually and as next friend of Dawn Rickrode, a minor, brought an action in the Wayne Circuit Court against defendant, Violet Wistinghausen, for damages for injuries allegedly sustained when the defendant's cat allegedly jumped upon Dawn and scratched her. Plaintiff alleged two alternative theories of liability: first, that defendant was strictly liable for Dawn's injuries because defendant knew or had reason to know that the cat had violent propensities, and, second, that defendant negligently controlled the cat. Following the presentation of proofs at a jury trial, the court, Thomas Roumell, J., directed a verdict in defendant's favor finding that plaintiff had failed to sufficiently establish that the cat had vicious propensities to warrant submission of that claim to the jury. The trial court thereafter denied plaintiff's motion for a new trial and motion for rehearing of the directed verdict. Plaintiff appeals. *Held:*

1. The trial court erred in granting defendant a directed verdict as plaintiff presented sufficient proof regarding the issue of the cat's alleged known violent propensities or regarding defendant's negligent control of the cat to warrant submission of the case to the jury.

2. The evidence presented by the plaintiff that the cat had scratched three children prior to the incident in question and that it suffered from a painful disease causing it to be irritable or agitated was sufficient to establish a prima facie case of strict liability.

3. The trial court's finding that the cat's reactions to children

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 481 *et seq.*

[2] 57 Am Jur 2d, Negligence § 9.

[3] 4 Am Jur 2d, Animals § 86.

[4] 4 Am Jur 2d, Animals §§ 89, 113.

[5] 4 Am Jur 2d, Animals §§ 41, 113.

Construction and application of ordinances relating to unrestrained dogs, cats, or other domesticated animals. 1 ALR4th 994.

Law as to cats. 73 ALR2d 1032.

were the sort that one would expect from a cat, rather than violent propensities, was essentially a finding of fact which should have gone to the jury.

4. Plaintiff had an issue which warranted submission to the jury regarding defendant's ordinary negligence. To make a prima facie case of ordinary negligence, plaintiff need only show that defendant failed to exercise ordinary care under the circumstances to control or restrain. The fact that defendant violated a city ordinance requiring cats to be kept confined or leashed, if proven, plus the proof that the cat had recently scratched small children and suffered from a painful disease was sufficient prima facie evidence of negligent control to warrant submission of that claim to the jury.

5. On remand and retrial, the jury should be instructed that negligence on the part of Dawn, or for that matter any fault, is not at issue if they should find that defendant knew that the cat had violent propensities. Only the defenses of wilful provocation or gross negligence by Dawn would preclude recovery. However, should the jury find that defendant lacked the *scienter* necessary for strict liability, *i.e.,* that defendant knew or had reasons to know that the cat had dangerous propensities, then the jury is to decide whether defendant was negligent in her control of the cat. When considering whether defendant was negligent, the jury may also consider whether Dawn was negligent or at fault and, if so, apply the doctrine of comparative negligence.

Reversed and remanded.

1. MOTIONS AND ORDERS — DIRECTED VERDICT — APPEAL.

A trial court, in considering a motion for a directed verdict, must review the evidence and all legitimate inferences that can be drawn from the evidence in a light most favorable to the nonmoving party; where reasonable persons could honestly reach different conclusions once the plaintiff establishes a prima facie case, the motion should be denied; the Court of Appeals applies the same standard of review in an appeal from a directed verdict.

2. MOTIONS AND ORDERS — DIRECTED VERDICT — NEGLIGENCE.

Directed verdicts in negligence actions are viewed with disfavor as the determination of liability greatly depends upon the resolution of factual matters.

3. ANIMALS — NEGLIGENCE — DOMESTIC ANIMALS — STRICT LIABILITY — KNOWLEDGE.

A plaintiff need not prove that the owner or custodian of a

domestic animal knew that the animal had already attacked human beings when unprovoked to make a prima facie case of strict liability; rather plaintiff need only present proof that the owner knew or had reason to know that the animal had a dangerous tendency that is unusual and not necessary for the purposes for which such an animal is usually kept; it is sufficient to prove that the animal has exhibited a tendency to attack human beings or other animals such that the owner would be apprised of the animal's dangerous character or has exhibited any form of ill temper in the presence of human beings that would apprise a reasonable owner that the animal would attack if uncontrolled.

4. NEGLIGENCE — ANIMALS — DOMESTIC ANIMALS — NEGLIGENT CONTROL.

    A plaintiff may make a prima facie case of ordinary negligence in a case where the negligent control of a domestic animal is alleged by showing that the owner or custodian of the animal failed to exercise ordinary care under the circumstances to control or restrain the animal.

5. NEGLIGENCE — ANIMALS — DOMESTIC ANIMALS — MUNICIPAL ORDINANCES — NEGLIGENT CONTROL.

    The violation of a city ordinance requiring cats to be kept confined or leashed is evidence of negligence in an action where the negligent control of a cat is alleged.

*Michael J. Trager* and *Edward A. Alice,* for plaintiff.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Susan Tukel),* for defendant on appeal.

Before: Hood, P.J., and V. J. Brennan and D. S. DeWitt,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's denial of plaintiff's motion for a new trial and motion for rehearing of directed verdict. The trial court directed a verdict in defendant's favor following the presentation of proofs at a jury trial. GCR 1963, 515.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff's complaint alleged that defendant was responsible for injuries and damages suffered when defendant's cat, Maynard, allegedly jumped upon Dawn Rickrode and scratched her. Plaintiff alleged two alternative theories of liability: first, that defendant was strictly liable for Dawn's injuries because defendant knew or had reason to know that Maynard had violent propensities and, second, that defendant negligently controlled Maynard.

Dawn Rickrode, who was seven years old when the incident occurred, testified at trial that Maynard came into her backyard on October 9, 1976. She said she went into her house to get water for the cat, returned to the backyard and followed the cat into the alley behind her house. Dawn set the water down and called to the cat. When Dawn began to approach the cat, Maynard jumped on her head and lacerated her forehead. Dawn was treated at Wyandotte General Hospital on October 9 and 10, 1976, where her forehead was stitched. Dawn retained an observable forehead scar at the time of trial, five years after the incident.

Plaintiff called defendant as an adverse witness in her case in chief in order to establish the strict liability claim. Defendant said she knew that Maynard had scratched another neighborhood child on September 28, 1976, because a Wyandotte police officer notified her of a complaint filed against her. That officer advised defendant to confine Maynard for ten days for rabies observation. Defendant also testified that Maynard scratched her son and another neighborhood boy in her home sometime before October 9, 1976. Nevertheless, defendant insisted that, although she had not observed the incidents, the children had provoked Maynard on both occasions. Defendant also testified that May-

nard suffered from a painful kidney ailment in September and October, 1976, which caused him to be irritable and easily aggravated.

The trial court directed a verdict for defendant after finding that plaintiff had failed to sufficiently establish that Maynard had vicious propensities thus making that issue jury submissible. As defendant states in her brief on appeal, "Indeed, it was the trial court's opinion that the incidents that the plaintiff cited for the cat's ostensible violent propensities were precisely the kind of reactions one would expect from a cat".

Plaintiff argues in this appeal that the trial court erred by granting defendant a directed verdict as plaintiff presented sufficient proof regarding the issue of Maynard's alleged known violent propensities or regarding defendant's negligent control of Maynard to submit this case to the jury. We agree and reverse.

When considering a motion for directed verdict, a trial court is obliged to review the evidence, and all legitimate inferences that can be drawn from the evidence, in a light most favorable to the nonmoving party. *Bouwman v Chrysler Corp,* 114 Mich App 670, 677; 319 NW2d 621 (1982). If reasonable persons could honestly reach different conclusions once plaintiff establishes a prima facie case, the motion should be denied. *Bouwman, supra.* This Court applies this same standard of review when parties appeal from a directed verdict. *Hartford Fire Ins Co v Walter Kidde & Co, Inc,* 120 Mich App 283, 290; 328 NW2d 29 (1982). Moreover, directed verdicts in negligence actions are viewed with disfavor as the determination of liability greatly depends upon the resolution of factual matters. *Hartford, supra; Muilenberg v Upjohn Co,* 115 Mich App 316, 331; 320 NW2d 358 (1982).

In *Papke v Tribbey,* 68 Mich App 130, 136; 242 NW2d 38 (1976), this Court held that the owner or custodian of a domestic animal who has knowledge of its vicious propensities is liable, regardless of fault, for personal injuries caused by the escape of the animal. The *Papke* Court also recognized that the owner or custodian of a domestic animal can also be held liable on a negligence theory for failing to control or restrain the animal. "If the injured party is unable to prove the vicious propensities of the domestic animal and that the owner or custodian knew of such propensities, then the owner's negligence in controlling or restraining the animal becomes an issue." *Papke, supra,* p 136.

The *Papke* case reflects the applicable statement of the law given in the Restatement of Torts, 2d. An owner or custodian of a domestic animal can be held strictly liable for injuries caused by that animal under the following circumstances:

"(1) A possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class, is subject to liability for harm done by the animal to another, although he has exercised the utmost care to prevent it from doing the harm.

"(2) This liability is limited to harm that results from the abnormally dangerous propensity of which the possessor knows or has reason to know." 3 Restatement Torts, 2d, § 509, p 15.

A plaintiff need not prove that the owner or custodian knew that his or her domestic animal had already attacked human beings when unprovoked to make a prima facie case of strict liability. Rather, plaintiff need only present proof that the owner knew or had reason to know that the animal had a dangerous tendency that is unusual and

not necessary for the purposes for which such an animal is usually kept. 3 Restatement Torts, 2d, § 509, comment *c,* p 16. It is enough for plaintiff to prove that the animal has exhibited a tendency to attack human beings or other animals such that the owner would be apprised of the animal's dangerous character. Sufficient as well is evidence that the animal has exhibited any form of ill temper in the presence of human beings that would apprise a reasonable owner that the animal would attack if uncontrolled. 3 Restatement Torts, 2d, § 509, comment *g,* pp 17-18.

This element of *scienter* or knowledge was the one which the trial court determined was not prima facie met by plaintiff. However, plaintiff presented proof that defendant knew that Maynard scratched three children prior to the incident in question and that Maynard suffered from a painful disease that caused the cat to be irritable or agitated, although defendant also presented proof that these scratching incidents may have been provoked by the children. We find that the evidence, viewed in a light most favorable to plaintiff, was sufficient to establish a prima facie case of strict liability. The trial court's finding that Maynard's reactions to the children were the sort that one would expect from a cat, rather than violent propensities, was essentially a finding of fact. That sort of fact-finding and, thus, the strict liability issue, should have gone to the jury.

Moreover, even had plaintiff failed to establish a jury submissible issue of defendant's *scienter* regarding Maynard's alleged violent propensities, the plaintiff still had a jury submissible issue regarding defendant's ordinary negligence.

"Except for animal trespass, one who possesses or harbors a domestic animal that he does not know or

have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if,

"(a) he intentionally causes the animal to do the harm, or

"(b) he is negligent in failing to prevent the harm." 3 Restatement Torts, 2d, § 518, p 30.

To make a prima facie case of ordinary negligence, plaintiff need only show that defendant failed to exercise ordinary care under the circumstances to control or restrain. 3 Restatement Torts, 2d, § 518, comment *f*, p 31. Although cats are generally permitted to run at large, there are circumstances under which it would be negligent to allow a cat to do so. 3 Restatement Torts, 2d, § 518, comments *j* and *k*, p 32.

In this case, plaintiff alleged that defendant violated a city ordinance requiring cats to be kept confined or leashed. Such a violation, if proved, is evidence of negligence. SJI 12.03; *Baker v Saginaw City Lines, Inc*, 366 Mich 180, 189; 113 NW2d 912 (1962). That proof, plus the proof that defendant knew Maynard had recently scratched small children and suffered from a painful disease was sufficient prima facie evidence of negligent control to warrant submission of that claim to the jury.

We note that, on remand and retrial, the trial court should instruct the jury that negligence on the part of plaintiff Dawn Rickrode, or for that matter any fault, is not at issue if they should find defendant knew that Maynard had violent propensities. *Papke, supra;* 3 Restatement Torts, 2d, §§ 510, 515, pp 19, 25. Only the defenses of wilful provocation or gross negligence by Dawn would preclude recovery. *Papke*, p 135. However, should the jury find that defendant lacked the *scienter* necessary for strict liability, *i.e.,* that defendant

knew or had reasons to know that Maynard had dangerous propensities, then the jury is to decide whether defendant was negligent in her control of Maynard. When considering whether defendant was negligent, the jury may also consider whether Dawn was negligent or at fault and, if so, apply the doctrine of comparative negligence.

Reversed and remanded.