# STATE OF MICHIGAN

# COURT OF APPEALS

SUZANNE SMITH,

      Plaintiff-Appellee,

v

FRED CONROY,

      Defendant-Appellant.

UNPUBLISHED
February 2, 2017

No. 329022
Wayne Circuit Court
LC No. 14-006281-NO

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Defendant appeals the final judgment in favor of plaintiff in this negligence action. The subject of the appeal, however, is the trial court's earlier order that denied defendant's motion for summary disposition. We vacate the trial court's judgment, reverse its order that denied defendant's motion for summary disposition, and remand for entry of summary disposition in favor of defendant.

## I. BASIC FACTS

On August 24, 2012, defendant was reading outside of his home in his back yard with his dog, Edie.[1] Edie was a mixed-breed dog, who was part chow and part pit bull. On that day, Edie was leashed on a 25-foot cable that was anchored to the side of defendant's detached garage. Defendant testified that the cable, when completely stretched, fell several feet short of the side porch.[2] Edie did have a tendency to bark at strangers, but she had never bitten or attacked

---

[1] Defendant put Edie down on November 1, 2012, due to various health issues.

[2] Photographs submitted at the trial court also support this fact. However, plaintiff claims that one of the submitted photos "clearly shows that defendant was *capable* of attaching the tether to the front of the garage giving the dog access to the area that Defendant said that Plaintiff fell." (Emphasis added.) This assertion is unpersuasive. First, simply because defendant may have had the *capacity* to attach the dog's tether elsewhere is hardly relevant when the only matter that is important is where the dog *actually* was attached. Indeed, defendant was capable of not tethering the dog at all, but that did not occur here. Second, to the extent that plaintiff suggests that the dog was actually attached to another location, plaintiff is engaging in impermissible

-1-

anyone. Defendant never received any complaints about Edie from his neighbors, nor had animal control been called regarding Edie.

Later that day, plaintiff, a Federal Express employee, arrived at defendant's home to deliver a package. Plaintiff parked her vehicle on the street in front of defendant's house and walked up the driveway toward the house while carrying the package. Federal Express employees are trained to deliver packages to the front door of a residence if that door is accessible by a sidewalk. Plaintiff did not see the sidewalk leading to defendant's front door (even though it was clearly present), so she instead walked up the driveway toward a door on the side of the house. The side door was partially surrounded by a railing that only allowed entry from the direction toward the rear of the house, i.e., toward the detached garage.

Plaintiff set the package down, and knocked on the side door. In response, Edie jumped up and ran around the corner. Plaintiff heard the dog barking loudly. Because of the semi-enclosed railing around the side-door area, plaintiff had to move toward the backyard in order to leave the porch. As plaintiff maneuvered around the railing, she saw Edie approaching. Plaintiff described the dog as "vicious," as it was "barking, snarling, just charging at me." Plaintiff thought the dog looked like a pit bull of some type and felt that she did not have enough time to turn around after getting beyond the railing, so she back-pedaled down the driveway away from the dog. While she back-pedaled down the driveway, plaintiff fell backwards and injured herself, despite never being touched by the dog. After she fell, plaintiff saw that Edie was attached to a cable and could not reach her.

On May 14, 2014, plaintiff filed a complaint against defendant, which, in relevant part, asserted a claim of negligence.[3] Defendant moved for summary disposition on the negligence count and argued that Michigan law does not impose a duty on a dog owner to maintain constant control of his animal absent a defendant's knowledge of extremely dangerous characteristics of that dog. Defendant also asserted that plaintiff would be unable to provide evidence that Edie had extremely dangerous characteristics because plaintiff admitted in her deposition that she was unaware of any witnesses that would testify that Edie was vicious or that Edie had previously attacked another person.

Plaintiff argued that defendant was not entitled to summary disposition on her negligence claim because defendant had a duty to exercise control over Edie where it would reasonably be expected that injury could occur. Plaintiff asserted that defendant had a duty to control his dog, even if he had no knowledge that Edie had extremely dangerous characteristics. She also claimed that defendant had failed to undertake any precautions to control Edie and failed to post a sign warning visitors about the presence of the dog. Plaintiff claimed that it was foreseeable

_____

speculation. She clearly testified that did she not know that the dog was tethered, much less where the tether was attached. And the only evidence on this point is from defendant, who provided evidence to support his claim that the dog was indeed tethered to the side of the garage and was not capable of reaching the side porch.

[3] Plaintiff also alleged a claim under MCL 287.351, sometimes referred to as Michigan's "dog-bite statute," but that claim was dismissed and is not part of this appeal.

that Edie would bark and confront delivery persons at the side door of the home and that this could cause a person to suffer an injury.

The trial court, without elaborating, merely stated that "[t]here are multiple fact questions" and denied defendant's motion for summary disposition.

## II. ANALYSIS

On appeal, defendant challenges the trial court's denial of his motion for summary disposition on plaintiff's negligence claim. Defendant says that the trial court erred because he did not owe plaintiff a duty to take additional measures beyond what he did, as plaintiff's harm was not foreseeable. We agree.

### A.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). Defendant's motion for summary disposition was made under both MCR 2.116(C)(8) and MCR 2.116(C)(10). However, this Court reviews this motion only under MCR 2.116(C)(10) because it is clear that the trial court considered documentation outside of the pleadings when it ruled on defendant's summary disposition motion. See *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506-507; 885 NW2d 861 (2016). "When evaluating a motion for summary disposition under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id.* at 507 (quotation marks and citation omitted). The motion "is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014).

Likewise, the question of duty is a question of law that this Court reviews de novo. *Chelik v Capitol Transport, LLC*, 313 Mich App 83, 88; 880 NW2d 350 (2015).

### B.

The trial court erred when it denied defendant's motion for summary disposition. Defendant owed no duty to plaintiff to exercise additional control over Edie because it was not reasonably foreseeable that Edie could harm plaintiff.

Michigan recognizes both a common law strict-liability cause of action against the possessors of animals, as well as "a cause of action for negligent failure to exercise ordinary care in controlling or restraining a domestic animal." *Hiner v Mojica*, 271 Mich App 604, 609; 722 NW2d 914 (2006), citing *Trager v Thor*, 445 Mich 95, 99, 104-105; 516 NW2d 69 (1994), and *Rickrode v Wistinghausen*, 128 Mich App 240, 247; 340 NW2d 83 (1983). As already indicated, only plaintiff's negligence claim is pertinent here.

The elements of a prima facie case of negligence are "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4)

the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).

In a negligence action based on the failure to control an animal, this Court determines whether a duty exists by considering the normal characteristics of the animal, whether a defendant has knowledge of any dangerous propensities unique to the particular animal, and whether a defendant is aware that the animal is in a situation where it would reasonably be expected that injury could occur. *Trager*, 445 Mich at 105-106. If this Court finds a duty does exist, then " '[t]he amount of control required is that which would be exercised by a reasonable person based upon the total situation at the time, including the past behavior of the animal and the injuries that could have been reasonably foreseen.' " *Id*. at 106, quoting *Arnold v Laird*, 94 Wash 2d 867, 871; 621 P2d 138 (1980). However, "dogs, and some other domestic animals, are generally regarded as so unlikely to do substantial harm that their possessors have no duty to keep them under constant control." *Id.* at 105-106. Therefore, a mere failure to keep a dog under constant control does not constitute a breach of the duty of care. *Id.*, citing 3 Restatement Torts, 2d, § 518, comments g and j, pp 31-32.

When viewed in the light most favorable to plaintiff, the record evidence does not demonstrate that defendant had knowledge of any dangerous propensities unique to Edie.[4] The evidence demonstrates merely that he knew that Edie barked at strangers, and nothing more. Therefore, defendant could only be held liable for negligence if he was aware that Edie was in a situation where it would be reasonably expected that injury could occur. There is no evidence in the record that any harm was foreseeable here. Therefore, defendant did not owe plaintiff a duty to do more than what he did, and thus, plaintiff's negligence claim necessarily fails.

Defendant admitted during his deposition that Edie barked at strangers. Yet defendant's knowledge of Edie's tendency to bark at strangers does not support an inference that he was aware that she was in a situation where it would be reasonably expected that injury could occur—especially when she was tethered such that she could not reach the side porch area where strangers could appear. There was no evidence that Edie's barking previously resulted in any form of complaint against defendant, much less an injury. Nonetheless, plaintiff contends that *Hiner* demonstrates that the trial court did not err when it denied summary disposition because in *Hiner*, this Court reversed a trial court's grant of summary disposition under facts that are "on all fours" with this case. However, plaintiff's reliance on *Hiner* is misplaced, as that case is readily distinguishable, and moreover is limited to its peculiar facts.

In *Hiner*, the plaintiff was a cable TV technician who was called to work at the defendant's home. Because of prior interactions, the defendant was aware that her dog was extremely aggressive and hostile toward service people. *Hiner*, 271 Mich App at 607. The defendant was aware that the plaintiff and his work partner came back to the defendant's house to get into the backyard. At the time, the dog was located in the front yard and was tethered to the back of the house. The leash ran from the rear of the house through a breezeway on the side

---

[4] In addition, plaintiff appears to concede in her brief on appeal that defendant had no knowledge of any dangerous propensities unique to Edie.

of the house to the front yard. The front door to the breezeway was closed on the leash, which ostensibly restricted the dog's movement to the area in the front yard, immediately surrounding that door. But when the plaintiff walked from the backyard toward the front to get more supplies, the breezeway door "shot open," and the dog, now having access to the backyard, charged. *Id.* Both the plaintiff and his partner ran, with both running in different directions. The plaintiff's partner testified that while he was running, he felt the dog make contact with him. The "[p]laintiff successfully eluded the dog, but tripped or slipped on the soft, muddy ground," which caused serious injury that required surgery. *Id.* at 608.

This Court held that because the defendant was repeatedly made aware of the dog's aggressive behavior toward service personnel and because the defendant knew that the plaintiff needed to work in her backyard at the time of the incident, *id.* at 613, "defendant should have been aware that the dog presented a situation from which a danger of foreseeable harm might arise," *id.* at 614 (quotation marks and citation omitted). Further, because "[t]he leash was apparently long enough to provide the dog access to the backyard, and to allow it to reach or nearly reach [the partner's] and plaintiff's positions as they ran from the animal," there was a question of fact for the trier of fact to decide whether the defendant was negligent in failing to properly control or restrain her do. *Id.*

The central facts supporting the *Hiner* Court's holding are missing here. First, while the defendant in *Hiner* was repeatedly made aware of her dog's hostile and aggressive reaction to service workers, here, defendant was only generally aware that his dog barked at strangers, and nothing more. Second, while the defendant in *Hiner* knew that the plaintiff was present to work around the house, there is no evidence that defendant here knew that plaintiff was present or that she was expected to deliver a package when she did. Third, and perhaps most importantly, unlike here, the tethered dog in *Hiner* was still physically able to reach the backyard where the plaintiff was working. Because the evidence shows that Edie's tether terminated well short of the side porch area, defendant's dog could not physically access the porch area where plaintiff was located.

In sum, there was insufficient evidence presented to impose a duty on defendant. See *Trager*, 445 Mich at 105-106. And even if there were a duty, defendant's actions of tethering Edie such that she could not access the side or front porch fulfilled that duty. With Edie unable to reach the side porch, it was not foreseeable that someone interacting with the porch would be harmed by the dog.[5]

We vacate the trial court's judgment, reverse its order that denied defendant's motion for summary disposition, and remand for entry of summary disposition in favor of defendant. We

---

[5] We also note that the trial court did not specifically address defendant's claim brought under MCL 287.351 when it denied the motion for summary disposition. Plaintiff and defendant agree that there is no evidence that Edie actually bit or made physical contact with plaintiff. Because there is no evidence in the record to support this claim, summary disposition is warranted on this claim as well.

do not retain jurisdiction. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Cynthia D. Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter