PEOPLE v SHELTON

Docket No. 69170. Submitted February 21, 1984, at Detroit.—Decided
     November 5, 1984.

     Sidney Shelton was convicted of attempted child torture following
     a jury trial in Detroit Recorder's Court, John M. Shamo, J.
     Defendant appeals. *Held:*

          1. The trial court erred in refusing defendant's request that
     the jury be instructed on child cruelty as a lesser included
     offense, and the error cannot be deemed harmless under the
     circumstances of this case.

          2. The trial court did not err in refusing defendant's re-
     quested instruction on attempted child cruelty.

          3. The proper remedy for the court's erroneous refusal to
     instruct on the lesser included offense of child cruelty in this
     case is not an automatic new trial, but rather a remand for
     entry of a conviction on the lesser offense of child cruelty and
     resentencing, with the prosecutor having the option of retrying
     defendant upon giving notification to the trial court before
     resentencing. The highest offense on which defendant might be
     retried is attempted torture since the jury convicted him of
     that crime and acquitted him on the original charge of child
     torture.

          4. Defendant's contention that he was deprived of his right to
     a speedy trial is without merit.

          5. Defendant's contention that the child torture and child
     cruelty statutes are unconstitutionally vague is also without
     merit.

          6. Defendant's claim that the admission of certain photo-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 7] 6 Am Jur 2d, Assault and Battery § 47.
     42 Am Jur 2d, Infants § 16.
     59 Am Jur 2d, Parent and Child § 24.
     Validity and construction of penal statutes prohibiting child abuse.
          1 ALR4th 38.
[3, 4] 6 Am Jur 2d, Assault and Battery § 57.
[5] 75 Am Jur 2d, Trial § 876.
[6] 21 Am Jur 2d, Criminal Law § 158.
[7] 21 Am Jur 2d, Criminal Law §§ 15-17.
     73 Am Jur 2d, Statutes § 346.

graphs constituted error will not be addressed since the prosecution has indicated that it will not opt for a new trial.

Affirmed in part, reversed in part and remanded.

1. CRIMINAL LAW — CHILD TORTURE — CHILD CRUELTY — TORTURE.

The term "torture" as used in the child torture statute refers to the intentional infliction of intense or severe pain for various purposes such as sadistic pleasure, coercion, and punishment; the statute requires a showing that the defendant intentionally inflicted extreme, intense, or severe pain or injury upon the victim; such high degree of pain or injury is an additional element which is not contained in the child cruelty statute (MCL 750.136, 750.136a; MSA 28.331, 28.331[1]).

2. CRIMINAL LAW — CHILD TORTURE — CHILD CRUELTY — LESSER INCLUDED OFFENSES.

Child cruelty is a necessarily lesser included offense of child torture.

3. CRIMINAL LAW — NECESSARILY LESSER INCLUDED OFFENSES.

An offense is a necessarily lesser included offense of another if it is impossible to commit the greater offense without also committing the lesser offense.

4. CRIMINAL LAW — NECESSARILY LESSER INCLUDED OFFENSES.

A necessarily lesser included offense is one which emerges when some element or elements of the greater offense are eliminated; therefore, evidence which supports the greater offense will always support a necessarily lesser included offense.

5. CRIMINAL LAW — JURY INSTRUCTIONS — NECESSARILY LESSER INCLUDED OFFENSES.

It is error for a trial court to refuse a defendant's request for an instruction on a necessarily lesser included offense.

6. CRIMINAL LAW — ATTEMPTS — JURY INSTRUCTIONS — NECESSARILY LESSER INCLUDED OFFENSES — EVIDENCE.

An attempt is not a necessarily lesser included offense of the crime attempted; a trial court is required to grant a requested instruction on attempt as a cognate lesser included offense only if there was evidence, or lack thereof, indicating that only an attempt was committed.

7. CRIMINAL LAW — CHILD TORTURE — CONSTITUTIONAL LAW — VAGUENESS.

The statute pertaining to child torture is not unconstitutionally vague since a reading of the statute would not cause people of

common intelligence to speculate as to its meaning; the term "torture" does have a commonly understood meaning giving a person of ordinary intelligence fair notice that his contemplated conduct is forbidden (MCL 750.136a; MSA 28.331[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Carl R. Meyer,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and E. A. QUINNELL,* JJ.

MACKENZIE, J. Defendant, charged with child torture, appeals as of right from his jury conviction of attempted child torture. MCL 750.136a, 750.92; MSA 28.331(1), 28.287. The victim, who was two years old at the time of the alleged offense and three years old at the time of trial, was found incompetent to testify as a witness because he could not understand the difference between lying and telling the truth. The main prosecution witness was the victim's mother, who testified that in July of 1981 defendant was living with her and her two children. She testified to a series of physical abuses of the victim by defendant during the period of July 14 to July 17, 1981, which included numerous whippings of the child on his back and buttocks; forced stays in a closed closet, once with the child's feet tied together and on another occasion handcuffed to the doorknob; and beatings wherein defendant punched the child in the chest numerous times, knocking him to the floor and aggravating a prior injury to the child's ear, and dug his fingernails into the child's mouth.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

There was also testimony by physicians who treated the victim shortly after the alleged abuse occurred indicating that the victim's ear, where an old burn wound was healing, was swollen, that his mouth was swollen and bleeding, and that he had many marks and bruises on his body. Defendant admitted having accidentally, on an earlier occasion, burned the victim's ear with a hair blow dryer and admitted having caused some injury to the victim's mouth on July 15 or 16 when removing rat poison which the victim had put in his mouth. Defendant, however, denied having ever intentionally abused the child, and the defense theory suggested that it was the victim's mother who had abused the victim.

The trial court instructed the jury on the charged offense of child torture, and also on attempted child torture as a lesser included offense, of which lesser offense defendant was convicted. The court refused defendant's request that the jury be instructed on child cruelty, MCL 750.136; MSA 28.331, as a lesser included offense. Defendant contends that the court's refusal to instruct was error since child cruelty is a necessarily, or at least a cognate, lesser included offense of child torture.

The child torture statute provides as follows:

"Any parent or guardian or person under whose protection or control any child may be, who tortures such child, shall be guilty of a felony and may be punished by imprisonment for not more than 10 years." MCL 750.136a; MSA 28.331(1).

The child cruelty statute provides in pertinent part as follows:

"Any parent or guardian or person under whose

protection any child may be, *who cruelly or unlawfully punishes,* or wilfully, unlawfully or negligently deprives of necessary food, clothing or shelter, or who wilfully abandons a child under 16 years of age, or who habitually causes or permits the health of such child to be injured, his or her life endangered by exposure, want or other injury to his or her person, or causes or permits him or her to engage in any occupation that will be likely to endanger his or her health, or deprave his or her morals or who habitually permits him or her to frequent public places for the purpose of begging or receiving alms, or to frequent the company of or consort with reputed thieves or prostitutes, or by vicious training depraves the morals of such child, shall, upon conviction, be deemed guilty of a felony * * *." MCL 750.136; MSA 28.331. (Emphasis added.)

The maximum sentence for child cruelty is four years. MCL 750.503; MSA 28.771.

In *People v Biegajski,* 122 Mich App 215, 223; 332 NW2d 413 (1982), *lv den* 417 Mich 1080 (1983), a panel of this Court reasoned that the difference between child cruelty and child torture is that the former applies where the abuse is inflicted with a punishment motive while the latter applies to abuse inflicted with a sadistic motive or purpose other than punishment. In *People v Webb,* 128 Mich App 721, 727; 341 NW2d 191 (1983), another panel disagreed with the *Biegajski* panel's distinguishing between the two offenses based on the defendant's motive, and instead interpreted the child torture statute as applying to the "intentional infliction of intense or severe pain for various purposes such as sadistic pleasure, coercion, and punishment", and determined that this high degree of pain or injury is the additional element required for conviction of child torture in contrast to child cruelty. We agree with the *Webb* panel. If the two offenses were to be distinguished based on the defendant's motive, this would lead to the

anomolous result that so long as the defendant acted with the motive of punishing the child for some real or perceived infraction, the defendant could be convicted only of child cruelty and not the higher offense of child torture, regardless of how extreme the injury inflicted upon the child, while a defendant acting with some motive other than punishment could be convicted only of child torture regardless of how minor the injury inflicted.

Given our conclusion that child torture requires the infliction of extreme or severe pain or injury above and beyond the degree of pain or injury required for conviction of child cruelty, it is clear that child cruelty is a necessarily lesser included offense of child torture. An offense is a necessarily lesser included offense of another if it is impossible to commit the greater offense without also committing the lesser offense. *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975). A necessarily lesser included offense is one which emerges when some element or elements of the greater offense are eliminated, *People v Adams,* 416 Mich 53, 58-59; 330 NW2d 634 (1982), and therefore evidence which supports the greater offense will always support a necessarily lesser included offense, *People v Ora Jones, supra,* p 390. Once the extreme or severe pain or injury element of child torture is eliminated, the offense of child cruelty emerges, and if there is evidence of infliction of extreme pain or injury supporting a child torture conviction, the evidence also necessarily will show infliction of pain or injury to a lesser degree so as to support a conviction of child cruelty.

It is error for a trial judge to refuse a defendant's request for an instruction on a necessarily lesser included offense, *People v Kamin,* 405 Mich 482, 493; 275 NW2d 777 (1979), and the trial

court's erroneous failure to instruct on the necessarily lesser included offense of child cruelty cannot be deemed harmless in the circumstances of this case.

However, we do not agree with defendant that the court erred in refusing defendant's requested instruction on attempted child cruelty. An attempt is *not* a necessarily lesser included offense of the crime attempted, and a trial court is required to grant a requested instruction on attempt as a cognate lesser included offense only if there is evidence, or lack thereof, indicating that only an attempt was committed. *People v Adams, supra,* p 59; *People v Baker,* 127 Mich App 297, 299; 338 NW2d 391 (1983). In the present case, the evidence did not support a conviction of attempted child cruelty; rather, the evidence showed that the act of child cruelty was completed by someone, and the jury could find defendant guilty or not guilty depending on whether it believed defendant was the perpetrator. Only evidence of completed acts of injury was presented, based on the nature of which the jury could find extreme or serious pain or injury and convict of child torture, or could find the nature of the injuries inflicted by defendant to be of a lesser degree so as to warrant conviction only of child cruelty, or the jury could have acquitted defendant by finding it not proved beyond a reasonable doubt that defendant was the perpetrator.

The proper remedy for the court's erroneous refusal to instruct on the lesser included offense of child cruelty in this case is not an automatic new trial, but rather a remand for entry of a conviction on the lesser offense of child cruelty and resentencing, with the prosecutor having the option of retrying defendant upon giving notification to the trial court before resentencing. *People v Jenkins,*

395 Mich 440, 443; 236 NW2d 503 (1975); *People v Kamin, supra,* pp 498, 499, 501; *People v Haner,* 86 Mich App 280, 283; 272 NW2d 627 (1978). However, the highest offense on which defendant might be retried is attempted torture since the jury convicted defendant of the latter and acquitted defendant on the original charge of child torture.[1] If the jury was willing to convict defendant of the instructed-on lesser offense of attempted child torture, then obviously had the even lesser offense of child cruelty been instructed on, at the very least the jury would have convicted defendant of it, and hence defendant is not unfairly prejudiced by entry of a conviction of child cruelty as opposed to granting defendant a new trial.

Turning briefly to the remaining issues raised by defendant on appeal, after reviewing the record in light of the four factors articulated in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), and adopted in *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), *overruled on other grounds* 390 Mich 245, 258 (1973), we find defendant's claim that he was deprived of his right to a speedy trial to be without merit.

We likewise find no merit in defendant's claim that the child torture and child cruelty statutes are unconstitutionally vague. This Court has previously rejected the contention that the term "torture" used in the child torture statute is unconstitutionally vague. *People v Biegajski, supra,* pp 224-226; *People v Webb, supra,* pp 724-727. Nor do we

---

[1] While attempted child torture would be the highest chargeable offense on retrial, we note that it probably was error to instruct on attempted torture as a lesser included offense since, as we pointed out earlier in concluding it was not error to refuse the requested instruction on attempted cruelty as a lesser offense, only evidence of completed acts of injury was presented. However, that issue is not before us since the prosecutor has not filed a cross-appeal raising the issue, nor did the prosecutor object at trial to the instruction on attempted torture as a lesser included offense.

find "cruel and unlawful punishment" proscribed by the child cruelty statute so vague that it fails to provide fair notice of the conduct prohibited. Furthermore, regarding the distinctions between lawful discipline of a child, cruel and unlawful punishment constituting child cruelty, and child torture, we do not believe a factfinder is given such unfettered discretion that the child cruelty and child torture statutes are rendered unconstitutionally vague. With respect to the difference between lawful discipline or treatment and cruel and unlawful punishment constituting child cruelty, CJI 17:8:01 provides adequate guidance by instructing that reasonable discipline is not prohibited and that it is only excessively severe punishment which amounts to cruelty. With respect to the difference between child cruelty and child torture, these offenses are sufficiently distinguished by defining torture, as the trial court did in its instructions to the jury, as the infliction of intense or extreme pain or injury. See *infra* and *People v Webb, supra,* p 727.

Finally, we decline to address defendant's claim that the admission of certain photographs constituted reversible error since the prosecution in its brief on appeal has indicated its desire that, should this Court find that the trial court erred in refusing to instruct on the lesser offense of child cruelty, as we have, defendant's conviction be reduced to child cruelty, as opposed to ordering a new trial. Hence, it appears unlikely that the prosecution will opt for a new trial, thus obviating the need for this Court to address the photographs issue given the unlikelihood of a new trial.

Affirmed in part, reversed in part, and remanded for entry of a conviction of child cruelty and resentencing, with the prosecution having the

option of notifying the trial court, prior to resentencing, of its desire that defendant's conviction be vacated and defendant retried on the charged offense of child torture.