PEOPLE v BARNETT

Docket No. 82996. Submitted May 4, 1987, at Houghton. Decided December 21, 1987.

Courtney A. Barnett, originally charged with child torture, was convicted of child cruelty following a jury trial in Kalamazoo Circuit Court. A second jury subsequently convicted defendant of being an habitual offender, third offense, and the trial court, Donald M. Goodwillie, J., sentenced defendant to a prison term of five years and four months to eight years. Defendant appealed, raising several claims of error.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in ruling that evidence of an alleged prior inconsistent statement by a prosecution witness was inadmissible. Defense counsel failed to lay a proper foundation for the admission of the statement by failing to question the witness as to the time and place at which the statement was made.

2. The trial court did not err in denying defendant's motion for a directed verdict of acquittal on the charge of child torture. The evidence in this case was sufficient for a rational trier of fact to convict defendant of child torture.

3. Child cruelty is a necessarily lesser included offense of child torture. Accordingly, defendant had adequate notice of, and the trial court did not err in instructing the jury on, a charge of child cruelty.

4. The trial court did not err in denying defendant's request for jury instructions on the misdemeanor offenses of assault

REFERENCES

Am Jur 2d, Criminal Law § 527.

Am Jur 2d, Evidence § 598.

Am Jur 2d, Trial §§ 548, 713, 876.

Due process requirements of presentence procedure following conviction. 3 LEd 2d 1808.

Use of prior inconsistent statements for impeachment of testimony of witnesses under Rule 613, Federal Rules of Evidence. 40 ALR Fed 629.

What constitutes lesser offenses "necessarily included" in offense charged, under Rule 31(c) of Federal Rules of Criminal Procedure. 11 ALR Fed 173.

and battery and aggravated assault. The instructions were not requested in a timely fashion. Additionally, the misdemeanors are not inherently related to the charged felony nor do they involve the same societal interests.

5. The trial court sufficiently responded to defendant's allegations of error in the presentence report and the record indicated that the trial court did not consider the challenged information when it sentenced defendant.

Affirmed.

1. WITNESSES — IMPEACHMENT — PRIOR INCONSISTENT STATEMENT.

A proper foundation must be laid by interrogating a witness as to the time and place at which the witness made a prior inconsistent statement and the person to whom it was made before using the prior inconsistent statement to impeach the witness (MRE 613).

2. CRIMINAL LAW — DIRECTED VERDICT — ACQUITTAL.

The Court of Appeals, in reviewing a trial court's denial of a defendant's motion for a directed verdict of acquittal, views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime charged were proven beyond a reasonable doubt.

3. CRIMINAL LAW — OFFENSES NOT CHARGED — NOTICE — LESSER INCLUDED OFFENSES — DUE PROCESS.

A defendant may not be convicted of a crime with which he was not charged unless he had adequate notice; fair notice requirements are met if the subsequent charge is a lesser included offense of the originally charged greater offense.

4. CRIMINAL LAW — CHILD TORTURE — CHILD CRUELTY — LESSER INCLUDED OFFENSES.

Child cruelty is a necessarily lesser included offense of child torture.

5. CRIMINAL LAW — JURY INSTRUCTIONS — MISDEMEANORS.

There are five conditions which must be met before a jury instruction is given on a misdemeanor offense in a trial for a felony: there must be a proper request specifying the offense, an appropriate inherent relationship between the offense charged and the misdemeanor, a rational basis supported by evidence adduced at trial which would justify conviction of the misdemeanor, adequate notice to the defendant that the misdemeanor is one of the charges against which he is expected to

defend, and no undue confusion or other injustice as a result of the instructions.

6. CRIMINAL LAW — SENTENCING.

A sentencing court has a duty to respond to a defendant's allegation of inaccuracy in the information provided to the court at sentencing; a response by the court indicating that it was accepting defendant's allegation as true and that it would not consider the alleged inaccuracy satisfies the duty.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Kevin M. Bramble,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich, P.C.* (by *Milton J. Marovich*), for defendant.

Before: J. H. GILLIS, P.J., and J. B. SULLIVAN and M. J. TALBOT,* JJ.

PER CURIAM. Defendant was charged with child torture, MCL 750.136a; MSA 28.331(1). Following a jury trial, defendant was convicted of child cruelty, MCL 750.136; MSA 28.331. A second jury subsequently convicted defendant of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. Defendant was sentenced to a term of five years and four months to eight years in prison. Defendant now appeals as of right, raising five claims of error. We affirm.

The charge against defendant stemmed from an incident which occurred in the family home in October of 1983. Defendant's son, Courtney Wadley, age eight, testified that he left his home without permission to visit a friend. After returning, he watched television before his father, the defendant, ordered him to the basement. Defen-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

dant, who was "upset," ordered the child to remove all his clothing and to lie across a bed. Defendant then proceeded to strike the child with a thick belt. The child attempted to avoid the blows and so the defendant went upstairs and returned with a roll of beige-colored tape. Defendant bound the ankles, feet, and wrists of his naked eight-year-old son as the child was lying on the basement floor. After binding the child's wrists and ankles, defendant suspended the child upside down from a pipe running across the ceiling using a second belt. With his naked and bound child dangling upside down in midair, defendant proceeded to whip the child with the first belt until the second belt suspending the child broke. After the child fell to the ground, defendant began striking the child with a dog leash and a yardstick. Not quite finished, defendant struck the child in the face with his hands and began kicking the child in the stomach. At this time, the child's mother came downstairs and stopped the beating. She took the tape off the child's wrists and ankles, cleaned him up, and put him to bed. The following day, the child attended school despite orders from defendant to stay home. The child's condition was observed by school officials who summoned authorities to investigate the suspected child abuse. The medical testimony presented at trial indicated that the child suffered, among other injuries, a perforation of both of his eardrums.

On appeal, defendant first contends that the trial court abused its discretion by prohibiting the introduction of certain impeachment testimony. The trial court ruled that the proffered testimony was inadmissible because defense counsel failed to lay a proper foundation pursuant to MRE 613 to impeach a prosecution witness with extrinsic evidence of a prior inconsistent statement. We pub-

lish this opinion in hopes that it will guide the bench and bar in laying a proper foundation for the admission of evidence pursuant to MRE 613.

MRE 613 provides:

> (a) Examining witness concerning prior statement. In examining a witness concerning a prior statement made by the witness, if written the statement must be shown to the witness and if oral, its substance and the time, place, and person to whom the statement was made must be disclosed to the witness, and on request must be shown or disclosed to opposing counsel.
>
> (b) Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Rule 801(d)(2).

When attempting to impeach a witness with a prior inconsistent statement made by the witness, a proper foundation must be laid by questioning the witness as to the time and place of the statement and the person to whom it was allegedly made. *People v Santana,* 139 Mich App 484, 488; 363 NW2d 702 (1984). Once a proper foundation is laid and the witness either admits or denies making the statement, the witness may be impeached by proof of the statement. *Id.*

In the instant case, defense counsel failed to lay a proper foundation for admission of proffered impeachment testimony. Defense counsel first asked the witness, Flora Barnett, if she told her mother-in-law that she had struck the child. The witness responded negatively to this inquiry. In questioning the witness regarding the substance of

the alleged statement, defense counsel did not allude to a time or place when this statement was allegedly made. Defense counsel subsequently inquired whether the witness had a telephone conversation with her mother-in-law a few days after the incident; however, defense counsel failed to inquire as to the substance of this conversation. Defense counsel never specifically tied his inquiry regarding the substance of the conversation to the foundational factors of time and place. Therefore, defense counsel failed to lay a proper foundation for admission of the proffered impeachment testimony. The trial court did not abuse its discretion in ruling that the evidence was inadmissible.

Defendant next argues that the trial court erred in denying his motion for a directed verdict on the charge of child torture. In reviewing this claim of error, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime charged were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980); *People v Marks,* 155 Mich App 203; 399 NW2d 469 (1986).

In the instant case, the evidence was sufficient for a rational trier of fact to convict defendant of child torture. By the very nature of the beating, the methodical way in which the defendant continued to beat the child, and the high degree of pain and injury inflicted upon the child, the jury could reasonably infer that all of the essential elements of the crime had been established beyond a reasonable doubt. See *People v Shelton,* 138 Mich App 510, 513-515; 360 NW2d 234 (1984). The trial court did not err in denying defendant's motion for a directed verdict.

Defendant also argues that the trial court erred in instructing the jury, over defendant's objection, on the offense of child cruelty. At the conclusion of trial, the jury was instructed on the charge of child torture and also on the offense of child cruelty. Defendant asserts that, since he was never charged with child cruelty and had no notice of the child cruelty charge, the trial court erred in instructing the jury on the offense. We disagree.

It is well settled that a trial court has no authority to convict a defendant of an offense with which he was not charged unless the defendant has had adequate notice. *DeJonge v Oregon,* 299 US 353; 57 S Ct 255; 81 L Ed 278 (1937); *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975); *People v Quinn,* 136 Mich App 145; 356 NW2d 10 (1984). However, fair notice requirements are satisfied if the subsequent charge is a lesser included offense of the original charge. *Ora Jones, supra,* p 388; *People v William James,* 142 Mich App 225, 227; 369 NW2d 216 (1985); *Quinn, supra,* p 147. Child cruelty is a necessarily lesser included offense of child torture. *Shelton, supra,* p 515. Accordingly, defendant had adequate notice and the trial court did not err in giving the requested instruction.

In his fourth claim of error, defendant asserts that the trial court erred by failing to give defendant's requested instructions on the misdemeanor offenses of assault and battery, MCL 750.81; MSA 28.276, and aggravated assault, MCL 750.81a; MSA 28.276(1). We disagree.

In *People v Stephens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982), our Supreme Court adopted a five-part test for determining when instructions on a misdemeanor charge should be given in a felony trial. The Court held that the requested instruction must be given when: (1) there is a proper request; (2) there is an appropriate relation-

ship between the felony charged and the requested misdemeanor; (3) the requested misdemeanor is supported by a rational view of the evidence; (4) the defendant had adequate notice that the misdemeanor is an offense against which he must defend; and (5) the requested instruction would not result in undue confusion or other injustice.

Our review of the record in the instant case leads us to conclude that the trial court did not err in refusing to give the requested misdemeanor instructions. First, we note that defendant failed to request the misdemeanor instructions in a timely fashion. Defendant's request was not made until the day after jury deliberations began.

In addition, defendant's requested misdemeanor instructions fail to satisfy the second part of the *Stephens* test, that an appropriate relationship exist between the felony charged and the requested misdemeanor. In order to satisfy this prong of the five-part test the felony charged and the requested misdemeanor must relate to the protection of the same societal interest and there must be an inherent relationship between the two offenses. *Stephens, supra,* p 262; *People v Welch,* 158 Mich App 87, 91-92; 404 NW2d 226 (1987). We conclude that the felony charged, child torture, and the misdemeanors requested, assault and battery and aggravated assault, are not aimed at protecting the same societal interest; nor are the requested misdemeanors inherently related to the charged offense. The child torture statute protects a child who is subordinated to an adult's authority from that adult's abuses and excesses. However, the assault and battery statute and the aggravated assault statute, protect all people from unwanted touchings. The child torture statute is aimed at regulating conduct within the unique parent-child relationship, while the assault statutes deal only

with general contacts among individuals. The offenses do not require similar proof and, thus, are not inherently related; nor do they protect the same societal interest. Accordingly, the trial court did not err in refusing to give the requested misdemeanor instructions.

In his final issue on appeal, defendant asserts that he is entitled to resentencing because the trial court allegedly failed to resolve challenges to the accuracy of the presentence investigation report prior to sentencing. At the time of sentencing, defense counsel requested that the trial court not consider some of defendant's prior misdemeanor convictions which were contained in the presentence report because defendant was either not represented by counsel or the information in the report concerning the prior misdemeanor conviction was inaccurate. The prosecutor responded as follows:

> *Mr. Courtade:* The People have no objection to the Court deleting what has been pointed out as errors by the Defendant. We would leave it to the Court, under Page one of the summary, what implements were used. This Prosecutor was not present during the jury trial, the Court would know what the evidence substantiated.

The trial court then stated:

> *The Court:* All right. Mr. Smith, do you have anything you would like to say on behalf of your client?

In *People v Edenburn,* 133 Mich App 255, 258; 349 NW2d 151 (1983), this Court held that trial courts have a duty to respond to allegations of inaccuracy in a presentence report. After reviewing the record in the instant case, we conclude

that the trial court sufficiently responded to the alleged inaccuracies. The trial court's response of "All right" indicates that the court accepted defendant's allegations as true and that it was not considering the challenged misdemeanor convictions when determining sentence. See *People v Sutton*, 158 Mich App 755, 762-763; 405 NW2d 209 (1987). We also note that the trial court proceeded to sentence defendant without making reference to any of the challenged misdemeanor convictions. Under these circumstances, defendant is not entitled to resentencing.

Affirmed.