PEOPLE v PORTERFIELD

Docket No. 95227. Submitted December 3, 1987, at Lansing. Decided
    February 17, 1988.

>   Thomas W. Porterfield was convicted, following a bench trial in
>   the Oakland Circuit Court, of child torture, Hilda R. Gage, J.
>   Defendant appealed, alleging insufficient evidence to support
>   his conviction and to bind him over, error in the admission of
>   testimony concerning a statement made by defendant to a
>   protective services worker during the course of a child-neglect
>   proceeding, and an insufficient jury waiver since there was no
>   written waiver form in the file.
>
>   The Court of Appeals *held:*
>
>   1. The Court of Appeals, in reviewing a sufficiency of evi-
>   dence question following a bench trial in a criminal case, must
>   consider the evidence in the light most favorable to the prose-
>   cution and determine whether a rational trier of fact could
>   have found that the essential elements of the crime were
>   proven beyond a reasonable doubt. The child torture statute
>   requires a showing that the defendant intentionally inflicted
>   extreme, intense, or severe pain or injury upon the victim. The
>   evidence was sufficient to support his conviction of child tor-
>   ture.
>
>   2. An examining magistrate's function is to determine
>   whether a crime has been committed and whether there is
>   probable cause for charging the defendant with that crime; in
>   doing so, the magistrate may pass on the credibility of wit-
>   nesses. The evidence at the preliminary examination was suffi-
>   cient to support the bind-over.
>
>   3. Statements made by a defendant to a protective services
>   worker who has not given *Miranda* warnings prior to the

REFERENCES

Am Jur 2d, Criminal Law, §§ 791 et seq.
Am Jur 2d, Evidence §§ 1080 et seq.
Am Jur 2d, Judges §§ 21 et seq.
Am Jur 2d, Parent and Child §§ 14, 22, 35.
Criminal liability for excessive or improper punishment inflicted on
    child by parent, teacher, or one in loco parentis. 89 ALR2d 396.

statements are admissible where the worker was not acting at the behest of the police.

4. The transcript of the jury waiver proceedings indicated that defendant properly waived his right to a jury trial. Apparently, the jury waiver form was misfiled in the trial court's private file. It was later filed. No error requiring reversal occurred.

Affirmed.

1. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE — APPEAL.

The Court of Appeals, in reviewing a sufficiency of evidence question following a bench trial in a criminal case, must consider the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

2. CRIMINAL LAW — CHILD TORTURE — TORTURE.

The child torture statute requires a showing that the defendant intentionally inflicted extreme, intense, or severe pain or injury upon the victim; such high degree of pain or injury is an additional element which is not contained in the child cruelty statute (MCL 750.136, 750.136a; MSA 28.331, 28.331[1]).

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — EXAMINING MAGISTRATES.

An examining magistrate's function is to determine whether a crime has been committed and whether there is probable cause for charging the defendant with that crime; in doing so, the magistrate may pass on the credibility of witnesses.

4. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — EXAMINING MAGISTRATES — REASONABLE DOUBT.

An examining magistrate should not discharge a defendant where evidence conflicts or raises reasonable doubt of the defendant's guilt, since that presents an issue for the trier of fact.

5. CRIMINAL LAW — *MIRANDA* WARNINGS.

Statements made by a defendant to a protective services worker who had not given *Miranda* warnings prior to the statements are admissible where the worker was not acting at the behest of the police.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief,

Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Cooper, Shifman, Gabe, Quinn & Seymour* (by *Philip H. Seymour*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GIL-LIS and R. L. TAHVONEN,* JJ.

PER CURIAM. Following a bench trial, defendant was convicted of child torture, MCL 750.136a; MSA 28.331(1). Defendant was sentenced to from three to ten years' imprisonment. We affirm.

Defendant first claims that there was insufficient evidence to convict him of the crime. In reviewing a sufficiency of the evidence question following a bench trial, this Court must consider the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). Defendant first contends that, to be convicted of child torture, the prosecution must prove not only that he intentionally inflicted extreme, intense, or severe pain upon the victim but also that he did so for various purposes, such as sadistic pleasure, coercion, or punishment. In *People v Biegajski,* 122 Mich App 215, 223; 332 NW2d 413 (1982), lv den 417 Mich 1080 (1983), a panel of this Court reasoned that the difference between child cruelty and child torture is that the former applies where the abuse is inflicted with a punishment motive, while the latter applies where abuse is inflicted for sadistic purposes or for a purpose other than punishment. The *Biegajski* panel adopted the dictionary definition of torture even

---

* Circuit judge, sitting on the Court of Appeals by assignment.

though it noted that Black's Law Dictionary defined torture as "the infliction of violent bodily pain upon a person." *Biegajski, supra,* p 223. In *People v Webb,* 128 Mich App 721, 727, n 3; 341 NW2d 191 (1983), lv den 418 Mich 966 (1984), and *People v Shelton,* 138 Mich App 510, 514-515; 360 NW2d 234 (1984), other panels of this Court rejected the reasoning of the *Biegajski* panel and held that the degree of severity of the injury inflicted rather than the defendant's motive in perpetrating the offense distinguished child torture from child cruelty. Hence, before a defendant may be convicted of child torture, it need only be shown that he intentionally inflicted extreme, intense or severe pain or injury upon the victim. *Id.* We agree with the *Webb* and *Shelton* panels. Because defendant concedes and the trial court found that his conduct satisfies the *Webb-Shelton* standard, no error occurred when defendant was convicted of child torture. *Petrella, supra.*

Defendant further contends that there was insufficient evidence to establish that he fractured his six-week-old son's ribs and leg. After reviewing the trial transcript, we can only conclude that, when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could have found that defendant was the person responsible for both of those acts. Moreover, defendant's single act of fracturing the child's skull also constitutes child torture. We reject defendant's argument that multiple acts are required. *Biegajski, supra,* p 223.

Defendant next claims that the magistrate abused his discretion in binding him over on a child torture charge. An examining magistrate's function is to determine whether a crime has been committed and whether there is probable cause for charging the defendant with its commission. *Peo-*

*ple v Makela,* 147 Mich App 674, 679; 383 NW2d 270 (1985). In doing so, the magistrate may pass upon the credibility of the witnesses; however, where the evidence conflicts or raises reasonable doubt concerning the defendant's guilt, the magistrate should bind the defendant over because such issues are to be decided by the trier of fact. *Id.* A magistrate's decision to bind a defendant over will not be overturned absent an abuse of discretion. *Id.*

Defendant again claims the prosecutor failed to prove that he acted for various purposes, such as sadistic pleasure or coercion. As noted above, defendant's motive is not an element of the crime. *Shelton, supra; Webb, supra.*

Likewise, defendant again claims that there was no probable cause to believe that he was the person guilty of the crime charged insofar as it related to the child's ribs and leg. Having reviewed the preliminary examination testimony, we hold that the magistrate did not abuse his discretion in binding defendant over. *Makela, supra.* Again, we note that proof of the child's fractured skull was sufficient in and of itself to support binding defendant over even though defendant claimed the injury was accidental. *Id.*

Defendant next claims a protective services worker's testimony concerning a statement defendant made in the course of a child-neglect proceeding was inadmissible because he was not informed of his *Miranda* rights (*Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 [1966]) at the time he gave the statement. Defendant had been arrested and bound over at the time of the interview, but was out on bond. The caseworker advised defendant that he did not have to answer her questions. Before speaking with defendant, the caseworker obtained defense counsel's consent.

The caseworker stated that defendant was not in custody and added that she was not a law enforcement officer and did not work for any police agency. We agree with the prosecutor that, although the caseworker was a state employee, she was not charged with enforcement of criminal laws and she was not acting at the behest of the police; therefore, she need not have advised defendant of his *Miranda* rights. See and compare *Grand Rapids v Impens,* 414 Mich 667; 327 NW2d 278 (1982); *People v Grevious,* 119 Mich App 403; 327 NW2d 72 (1982); *People v Faulkner,* 90 Mich App 520; 282 NW2d 377 (1979), lv den 408 Mich 916 (1980); *People v Hardenbrook,* 68 Mich App 640; 243 NW2d 705 (1976). See also 1 LaFave & Israel, Criminal Procedure (1985), § 6.10(c), pp 316-317.

Finally, defendant claims his jury waiver was insufficient because there is no written waiver form in the court file. MCL 763.3; MSA 28.856. *People v Pasley,* 419 Mich 297; 353 NW2d 440 (1984). The transcript of the jury waiver proceedings indicates that defendant properly waived his right to a jury trial. *Id.* Apparently, the jury waiver form was misfiled in the trial court's private file. It has now been properly filed. No error requiring reversal has occurred.

Affirmed.