PEOPLE v KELLEY

Docket No. 98049. Submitted August 11, 1988, at Grand Rapids. Decided April 3, 1989. Leave to appeal applied for.

Randy Kelley was convicted of two counts of child torture following a jury trial in the Wexford Circuit Court. He was thereafter convicted by a jury on a supplemental information of being a fourth-felony offender. The trial court, William R. Peterson, J., sentenced defendant to from thirty to sixty years imprisonment on each count. Defendant appealed alleging that the trial court erred by holding prior to the opening arguments at trial that child torture is not a specific intent crime, thereby invalidating defendant's voluntary intoxication defense, and in rejecting defendant's request for an instruction on the defense of voluntary intoxication.

The Court of Appeals *held:*

1. Child torture is a specific intent crime. The trial court erred by depriving defendant of the defense of voluntary intoxication and by not correctly instructing the jury regarding the intent element of child torture and the defense of voluntary intoxication.

2. The evidence of infliction of torture was sufficient as a matter of law.

Reversed and remanded.

C. O. GRATHWOHL, J., dissented. It is his belief that child torture is not a specific intent crime. He would affirm.

1. CRIMINAL LAW — CHILD TORTURE — SPECIFIC INTENT.
   The crime of child torture is a specific intent crime (MCL 750.136a; MSA 28.331[1]).

2. CRIMINAL LAW — SPECIFIC INTENT — VOLUNTARY INTOXICATION.
   The voluntary intoxication of an accused person may operate to relieve him of criminal responsibility by negating the intent element when the mental state for the commission of a crime requires a showing of a specific intent.

REFERENCES
Am Jur 2d, Criminal Law 130, 155; Infants §§ 16-17.5.
Validity and construction of penal statute prohibiting child abuse. 1 ALR4th 38.

3. CRIMINAL LAW — CHILD TORTURE — CHILD CRUELTY — TORTURE.

The term "torture" as used in the child torture statute refers to the intentional infliction of intense or severe pain for various purposes such a sadistic pleasure, coercion, and punishment; the statute requires a showing that the defendant intentionally inflicted extreme, intense, or severe pain or injury upon the victim; such high degree of pain or injury is an additional element which is not contained in the child cruelty statute (MCL 750.136, 750.136a; MSA 28.331, 28.331[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David A. Hogg,* Prosecuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

*Richard J. Drew,* for defendant on appeal.

Before: HOLBROOK, JR., P.J., and MURPHY and C. O. GRATHWOHL,* JJ.

HOLBROOK, JR., P.J. After a jury trial, defendant was convicted of two counts of child torture, MCL 750.136a; MSA 28.331(1). A trial on the supplemental information was thereafter conducted and the jury returned a verdict of guilty as a fourth-felony offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to prison terms of thirty to sixty years on each count. We reverse and remand for a new trial.

At trial, Tina Partridge testified that she accompanied defendant and defendant's two children to a wooded area where defendant consumed three pints of whiskey over a 3- to 3½-hour duration and also shared a marijuana cigarette with another companion. Defendant became intoxicated to the point that he had to be assisted in walking. Partridge, defendant, and the two children returned to defendant's residence, and defendant fell asleep for 2½ to 3 hours. When defendant awoke, he was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

drunk and argumentative. In order to avoid defendant, Partridge went for a walk, leaving defendant and the two children alone in the home. When Partridge returned less than five minutes later, she heard the children screaming. She entered the house and defendant accosted her, throwing her against the wall and kicking her. She did not see the children, but heard their screams and their pleas that defendant not hit them. Partridge left the home again, still hearing the children's voices.

The children were examined by a physician and hospitalized later that evening. The physician testified in detail to the severe injuries sustained by the children, including trauma-related abrasions, swelling, bruising, and bleeding. The injuries indicated that someone either struck or threw the victims, each child sustaining multiple blows. One child sustained an abrasion to his forehead caused by a sharp object. Both children were hospitalized for two days.

Prior to opening arguments at trial, the court ruled that the charged offense of child torture was not a specific intent crime, thereby invalidating defendant's voluntary intoxication defense. At that time, the defense attorney represented that his entire theory of the case was premised upon voluntary intoxication as a negation of specific intent. The court also rejected defendant's request for an instruction on the defense of voluntary intoxication.

When the mental state for the commission of a crime requires a showing of a specific intent, the voluntary intoxication of the accused may operate to relieve the accused of criminal responsibility by negating the intent element. *People v Sowders,* 164 Mich App 36, 43-44; 417 NW2d 78 (1987); *People v Flaherty,* 165 Mich App 113, 123-124; 418 NW2d 695 (1987). Otherwise, the accused's state of

voluntary intoxication is no defense to a general intent offense. *People v Langworthy,* 416 Mich 630; 331 NW2d 171 (1982). "[T]he distinction between specific intent and general intent crimes is that the former involve a particular criminal intent beyond the act done, while the latter involve merely the intent to do the physical act." *People v Beaudin,* 417 Mich 570, 573-574; 339 NW2d 461 (1983).

This case presents the question whether child torture is a specific intent crime. We undertake this question with a recognition that the previous understanding of its resolution is unclear. See CJI 17:8:05, n 1.

The child torture statute provides:

> Any parent or guardian or person under whose protection or control any child may be, who tortures such child, shall be guilty of a felony and may be punished by imprisonment for not more than 10 years. [MCL 750.136a; MSA 28.331(1).]

Since the operative word "torture" is undefined, the statute itself affords minimal guidance whether the offense requires an intent directed at an end beyond the proscribed act.

Discussion of the mental element in previous decisions of this Court compels our conclusion that child torture is a specific intent crime. In rejecting the contention that the child torture statute is unconstitutionally vague, this Court in *People v Webb,* 128 Mich App 721, 727; 341 NW2d 191 (1983), lv den 418 Mich 966 (1984), explained the intent requirement of child torture:

> Where a statutory term is not defined in the

statute, it is to be given its ordinary meaning. An examination of various dictionary definitions discloses that "torture" refers to the intentional infliction of intense or severe pain for various purposes such as sadistic pleasure, coercion, and punishment. We interpret the child torture statute as requiring a showing that the defendant intentionally inflicted extreme, intense, or severe pain or injury upon the victim. This high degree of pain or injury is an additional element which is not contained in the child cruelty statute.

Subsequent panels of this Court have signaled their agreement with the *Webb* panel's interpretation. *People v Shelton,* 138 Mich App 510, 514-515; 360 NW2d 234 (1984); *People v Porterfield,* 166 Mich App 562, 565; 420 NW2d 853 (1988) ("Hence, before a defendant may be convicted of child torture, it need only be shown that he intentionally inflicted extreme, intense or severe pain or injury upon the victim."). From these cases, the principle emerges that conviction of child torture requires a showing of an intent to inflict an intensified degree of pain or injury, an intent that surpasses the commission of the proscribed act of torture.[1] The trial court erred by depriving defendant of the defense of voluntary intoxication and by not correctly instructing the jury regarding the intent element of torture and the defense of voluntary

---

[1] In *People v Biegajski,* 122 Mich App 215, 220-224; 332 NW2d 413 (1982), lv den 417 Mich 1080 (1983), this Court, in its rejection of the defendant's claim that convictions for child cruelty and child torture violated the prohibition against double jeopardy, distinguished child torture from child cruelty on the basis that the former requires a purpose underlying the infliction of pain other than punishment, e.g., sadism, but cruelty is confined to instances of cruel or unlawful punishment. This pronouncement is contrary to the holdings of *Webb, Shelton,* and *Porterfield.* Since, however, the reasoning in *Biegajski* is not inconsistent with our conclusion that child torture is a crime of specific intent, we need not address the conflict between *Biegajski* and the *Webb* line of cases.

intoxication. See CJI 17:8:05, 3:1:16, 6:1:02.[2] We reverse and remand for a new trial.

We reject defendant's contention that the evidence of infliction of torture was insufficient as a matter of law. Viewed in a light most favorable to the prosecution, the evidence was sufficient to permit a rational trier of fact to find defendant guilty as charged beyond a reasonable doubt. See *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Our decision to reverse because of the erroneous rejection of the voluntary intoxication defense avoids the necessity of complete appellate review of the remainder of defendant's claims raised in this appeal. Nevertheless, several issues are worthy of comment, and we address them briefly to provide guidance in the event that they recur upon retrial. The trial court did not err by denying defendant's request for an instruction on the misdemeanor of aggravated assault as a lesser included offense, *People v Barnett,* 165 Mich App 311, 317-318; 418 NW2d 445 (1987), or by not giving sua sponte an unrequested instruction on the lesser included offense of child cruelty, *People v Larry,* 162 Mich App 142, 152; 412 NW2d 674 (1987). However, we do admonish the trial court in the event of retrial not to instruct the jury that statements of defense counsel containing an admission of fact are attributable to defendant and may be considered as evidence. *Papke v Tribbey,* 68 Mich App 130, 137; 242 NW2d 38 (1976), lv den 399 Mich 834 (1977); CJI 3:1:09(5). We express no opinion on the contention that the trial court abused its discretion by ruling that defendant

[2] Effective September 1, 1988, the child torture statute, MCL 750.136a; MSA 28.331(1), as well as the child cruelty statute, MCL 750.136; MSA 28.331, have been repealed and replaced with four degrees of child abuse. MCL 750.136b; MSA 28.331(2).

could be impeached by evidence of prior convictions, but instead we direct the court to reconsider this matter in light of the change in the law effected after the trial in this case by *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988), in the event that this issue recurs upon retrial.

Reversed and remanded.

MURPHY, J., concurred.

C. O. GRATHWOHL, J. *(dissenting).* The majority and I both recognize that the question of whether child torture is a specific intent crime is unclear.

The child torture statute, MCL 750.136a; MSA 28.331(1), states that any "parent or guardian . . . who tortures such child, shall be guilty of a felony." The statute does not define the term "torture." A panel of this Court in *People v Webb,* 128 Mich App 721; 341 NW2d 191 (1983), interpreted "the child torture statute as requiring a showing that the defendant intentionally inflicted extreme, intense, or severe pain or injury upon the victim." *Webb, supra,* p 727. This interpretation was based upon dictionary definitions, *id.,* none of which utilize the term "intent."

The *Webb* Court also believed that the distinction between child cruelty, MCL 750.136; MSA 28.331, and child torture "is not the defendant's motive, but, rather, the degree of severity of the injury inflicted." *Id.* However, the gravamen of child cruelty is cruel or unlawful punishment, willful or negligent deprivation of necessary food, clothing, or shelter, or abandonment, MCL 750.136; MSA 28.331. Specific intent is not an element of the crime of child cruelty. *People v Jackson,* 140 Mich App 283, 287; 364 NW2d 310 (1985); see also *People v Alderete,* 132 Mich App 351, 356-357; 347 NW2d 229 (1984). If child cruelty

is not a specific intent crime and the differentiation between child torture and child cruelty is "the degree of severity of the injury inflicted," *Webb, supra,* p 727; see also *People v Shelton,* 138 Mich App 510; 360 NW2d 234 (1984), one wonders how child torture can be a specific intent crime.

It is doubtful that the Legislature intended to make child torture a specific intent crime such that voluntary intoxication would be available as a defense. The purpose of the child torture statute is to protect children. Children, however, are more susceptible to violent, physical abuse when, as in the instant case, the parent or guardian is intoxicated. If the defense of voluntary intoxication is available against a charge of child torture, the statute would no longer protect children from extreme pain and injury in those instances when they need protection the most. See *People v Gleisner,* 115 Mich App 196, 200; 320 NW2d 340 (1982), lv den 417 Mich 1095 (1983) (intoxication was not available as a defense to resisting and obstructing a police officer because the purpose of the statute is to protect police officers in the discharge of their duties).

I would affirm.